IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **LT CHARACTER, LLC,** | § | |
| **and CLIFF DEAN,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 4:24-cv-01053-BP |
| | § | |
| **RITA MORT,** | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court are Plaintiffs' Motion for Contempt, Request for Show Cause Hearing, and Request for Expedited Briefing filed on June 13, 2025 (ECF No. 36); and Rita Mort's Response filed on June 23, 2025 (ECF No. 39). The Court granted the Motion for an Expedited Hearing and held a hearing on the Motion on July 8, 2025. *See* ECF Nos. 38, 43. After considering the pleadings and applicable legal authorities, the Court finds the Motion (ECF No. 36) should be and hereby is **GRANTED**.

**I.   BACKGROUND**

LT Character LLC and Cliff Dean sued Rita Mort for libel, slander, and breach of contract on October 29, 2024. ECF No. 1. After the parties consented to proceed before a United States Magistrate Judge, United States District Judge Reed O'Connor reassigned this case to the undersigned in accordance with 28.U.S.C. § 636(c). *See* ECF No. 19. Thereafter, the Court entered a scheduling order for the case including a deadline for completion of discovery of May 26, 2025. *See* ECF No. 20.

On March 12, 2025, Plaintiffs served Mort with interrogatories (ECF No. 23-1) and requests for production (ECF No. 23-2). Mort did not serve a response to the discovery requests,

nor did she produce the documents requested. Plaintiffs then filed their first motion to compel. *See* ECF No. 23. After the Court set the motion for a hearing and ordered the parties to confer, Mort agreed to comply with the discovery requests on or before May 12, 2025. ECF No. 26. The parties informed the Court that no issues remained for the Court's determination at the hearing on Plaintiffs' Motion to Compel, and the Court canceled the hearing based on that representation. *See* ECF Nos. 26, 27.

After Mort failed to respond to the discovery requests as promised, Plaintiffs filed another Motion to Compel. ECF No. 29. By Order dated May 28, 2025, the Court ordered Mort to serve full, complete, and verified responses to Plaintiffs' interrogatories and produce documents responsive to Plaintiffs' request for production, without any objections to such interrogatories and request for production, on or before June 5, 2025. *See* ECF No. 33. When Mort did not comply with that Order, Plaintiffs filed the Motion now before the Court. The Court set the Motion for a hearing in person on July 8, 2025. *See* ECF No. 38. The day before the hearing, Mort filed a Motion to Permit Defendant to appear via video or to continue the hearing until July 11. *See* ECF No. 41. The Court granted the Motion in part and ordered Mort to appear via telephone. *See* ECF No. 42. On July 8, 2025, the Court held a telephonic hearing on the pending Motion. Mort did not appear at the hearing, and she did not answer her cellphone or respond to an email when the Court's courtroom deputy clerk attempted to contact her during the hearing.

## II.   LEGAL STANDARD

A court may sanction a party who fails to obey an order to provide or permit discovery. *See Moore v. Cap. One, N.A.*, No. 3:14-cv-3282-D, 2016 WL 3745675, at *2 (N.D. Tex. July 13, 2016) (citing Fed. R. Civ. P. 37(b)(2)(A) & (d)(1)). The court has broad discretion to impose that sanction. *See* Fed. R. Civ. P. R. 37(b)(2)(A)(i)-(vii) & (d)(3); *Moore v. CITGO Ref'g & Chems.*

*Co.*, 735 F.3d 309, 315 (5th Cir. 2013) (citing *Bluitt v. Arco Chem.*, 777 F.2d 188, 191 (5th Cir. 1985)).

"[C]ourts have the inherent power to enforce compliance with their lawful orders through civil contempt." *United States v. Smith*, No. 5:17CV86-JRG-CMC, 2018 WL 4524123, at *3 (E.D. Tex. Sept. 13, 2018) (quoting *Shillitani v. United States*, 384 U.S. 364, 370 (1966)); s*ee also Int'l Union, Union Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 831 (1994) ("Courts thus have embraced an inherent contempt authority, as a power necessary to the exercise of all others." (internal citation omitted)). Accordingly, judicial sanctions may "'be employed for either or both of two purposes: to coerce the [respondent] into compliance with the court's order, and to compensate the complainant for losses sustained.'" *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 585 (5th Cir. 2000) (quoting *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303-04 (1947)).

To show that civil contempt is warranted, a moving party must establish "1) that a court order was in effect, 2) that the order required certain conduct by the respondent, and 3) that the respondent failed to comply with the court's order." *Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir. 1992). Intent is not an element of civil contempt; the issue is whether the alleged contemnor has complied with the court's order. *See Whitfield v. Pennington*, 832 F.2d 909, 913 (5th Cir. 1987). The standard of proof for civil contempt is clear and convincing evidence, which is "that weight of proof which produces in the mind of the trier of fact a firm belief or conviction, without hesitancy, of the truth of the precise facts of the case." *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995) (internal quotation marks omitted). However, "[t]he respondent may avoid a contempt finding by establishing that is has substantially complied with the order or has

3

made reasonable efforts to comply." *In re Brown*, 511 B.R. 843, 849 (S.D. Tex. 2014) (citing *U.S. Steel Corp. v. United Mine Workers of Am., Dist. 20*, 598 F.2d 363, 368 (5th Cir. 1979)).

Further, "under Rule 37(b)(2)(C), if a party fails to comply with a court order regarding discovery, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Moore v. Cap. One, N.A.*, No. 3:14-cv-3282-D, 2016 WL 3745675, at *3 (N.D. Tex. July 13, 2016).

### III.   ANALYSIS

The Plaintiffs' Motion requests an order imposing monetary sanctions until Mort complies with all discovery requests at issue. ECF No. 36 at 7. The record does not reflect any meaningful attempt by Mort to furnish the information sought by Plaintiffs' discovery requests and the Court's orders that she comply with them without further objections and delays. Furthermore, when given the opportunity to respond, Mort did not argue that she had complied, despite clearly knowing of her obligation to do so. *See* ECF No. 39. Thus, the record reflects continued noncompliance with the discovery requests.

Plaintiffs have shown by clear and convincing evidence all prerequisites for the Court to find that Mort is in contempt under the standards set out in *Martin*. A Court Order compelling production was in effect, the Court's orders required Mort to respond to Plaintiffs' interrogatories and requests for production without objections, and Mort did not comply. Further, Mort did not appear at the Court's hearing on the Motion though the Court permitted her to appear by telephone conference in response to her request for a continuance and permission to appear by video teleconference.

The Court has attempted to ensure compliance with its previous Orders and has not entered sanctions against Mort because it was not appropriate under Rule 37 particularly given *pro se* status. The Court has afforded Mort ample notice and opportunity to comply with several Orders, including Orders that required her to respond to interrogatories and requests for production, and to appear for a hearing by telephone. In its June 6, 2025 Order, the Court considered, but ultimately declined to issue, monetary sanctions when it ordered Mort to respond to the discovery requests.

Rule 37(b)(2)(C) expressly contemplates the imposition of monetary sanctions against a party that fails to comply with a Court's order regarding discovery. The Court finds that Mort willfully failed to appear as ordered on June 8, 2025, for a hearing on the Plaintiffs' pending Motion, failed to comply with the Court's previous Orders compelling her to respond to Plaintiffs' discovery, as she has consistently and willfully engaged in a pattern of ongoing behavior of failing to comply with the Court's orders. Her conduct, including flagrant failure to comply with the Court's orders to compel and failure to appear for a telephonic hearing that the Court ordered in response to her request to appear for the hearing by remote means, demonstrates that she is in contempt of court and should be sanctioned appropriately.

The Court concludes that Mort's conduct and failure to comply with multiple Court orders was not substantially justified under Rule 37(b)(2)(C), and as a result, Mort must pay all reasonable expenses including attorney's fees, caused by her failure to engage in discovery in compliance with the Court's previous orders.

## IV.  CONCLUSION

Accordingly, Defendant Rita Mort is in contempt of court, and the Court **ORDERS** her to pay the expenses incurred by Plaintiffs, including attorney fees, in  obtaining orders compelling

her responses to Plaintiffs' discovery requests. Plaintiff shall file an appropriate motion to recover those expenses **on or before July 15, 2025**.

Further, mindful of the non-jury trial scheduled on August 26, 2025, and Mort's failure to respond to Plaintiffs' interrogatories and requests for production, the Court **ORDERS** Mort to serve verified responses to Plaintiffs' interrogatories and responses to their requests for production **ON OR BEFORE JULY 10, 2025**. The Court **CARRIES FORWARD** the issue of Mort's contempt, and the Court will consider imposing additional sanctions should Mort fail to serve the discovery responses by on or before July 10, 2025.

Plaintiffs **SHALL FILE** a status report **on or before July 15, 2025** describing whether Mort serves the discovery responses listed above and documents produced in response to the Plaintiffs' request for production as provided in this Order.

It is so **ORDERED** on July 8, 2025.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE