IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LT CHARACTER, LLC, and CLIFF DEAN, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:24-cv-01053-BP |
| RITA MORT, | § § § | |
| Defendant. | § | |

## ORDER

Before the Court are Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 70), Plaintiffs' Response (ECF No. 72), and Defendant's Reply (ECF No. 75). The Court heard arguments on the Motion at the pretrial conference today. After considering the pleadings, applicable legal authorities, and arguments of counsel, the Court **DENIES** the Motion (ECF No. 70).

**I.     BACKGROUND**

LT Character LLC ("LT Character") and Cliff Dean (collectively "Plaintiffs") sued Rita Mort for libel, slander, and breach of contract on October 29, 2024. ECF No. 1. After the parties consented to proceed before a United States Magistrate Judge, Chief United States District Judge Reed O'Connor reassigned the case to the undersigned in accordance with 28.U.S.C. § 636(c). *See* ECF No. 19.

Mort moves to dismiss the case, arguing that the Court lacks subject-matter jurisdiction. ECF No. 70. Because Plaintiffs only bring claims under state law (ECF No. 1 at 6–7), diversity jurisdiction must exist for the Court to have subject-matter jurisdiction over the case.

Mort does not contest the complete diversity of citizenship of the parties, *see* ECF No. 70, but she does contend that the amount in controversy does not exceed the $75,000.00 jurisdictional threshold. *Id.*

## II.     LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). A federal court has subject-matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and civil cases in which the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331-1332. District courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject-matter jurisdiction over a case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[A] federal court may raise subject matter jurisdiction *sua sponte*."). A court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted). Likewise, subject matter jurisdiction cannot be created by waiver or consent." *Howery*, 243 F.3d at 919.

2

### III.    ANALYSIS

In the Motion, Mort argues that Plaintiffs have limited their potential recovery at trial to the sum of $66,902.03. ECF No. 70 at 5. She adopts this specific figure from Plaintiffs' Proposed Findings of Fact and Conclusions of Law (ECF No. 66), in which LT Character proposes an award against Mort in the amount of $66,901.03 and Dean proposes an award in the amount of $1.00 in nominal defamation damages. ECF No. 66. Characterizing the combined total of $66,902.03 in potential awards from the Court as "a maximum ceiling for Plaintiffs' damages" in the case, Mort argues that this lower-than-$75,000 sum is dispositive to the determination of diversity jurisdiction. ECF No. 70 at 5.

But Mort is mistaken that "on their best day," Plaintiffs can "only recover $66,092.03." *Id.* This is so because Plaintiffs assert a breach of contract action under Texas law. ECF No. 1 at 7. In Texas, a prevailing plaintiff may "recover reasonable attorney's fees from an individual or organization" if the claim is for an oral or written contract. Tex. Civ. Prac. & Rem. Code § 38.001(b)(8). While Mort is correct to remind the Court that attorney's fees are included in the computation of the jurisdictional amount "only when they are expressly authorized under applicable state," ECF 75 at 8 (citing *Celestine v. TransWood, Inc.*, 467 F. App'x 317, 319 (5th Cir. 2012), she is incorrect that attorney's fees "are not properly considered as part of the amount in controversy" in this case. *Id.* Using Mort's working sum of $66,092.03 as a baseline, it is entirely conceivable that an award of attorney's fees in this case could carry the award over the $75,000.00 threshold, particularly given the extant reasonable attorney's fees award of $11,921.50 the Court already ordered Mort to pay to Plaintiffs on July 24, 2025. ECF No. 60. Ultimately, though Plaintiffs did not "identif[y] any state statute . . . that provides them with a right to recover fees,"

ECF No. 75 at 8, the Court notes the provision of Texas law on this point. *See* Tex. Civ. Prac. & Rem. Code § 38.001(b)(8).

Additionally, Plaintiffs' complaint does not mention the $66,092.03 figure or seek judgment in that specific amount. Instead, it argues that the "value of [Mort's] harm to Dean's contracts, client relationships, and reputation greatly exceeds $75,000.00, but increases daily," ECF. No 1 at 5, and that "Mort's conduct resulted in lost revenue to LT Character in an amount to be proven at trial." *Id.* at 7. Plaintiffs explain at great length in their response to the Motion that Mort's conduct will amount to harm greater than $75,000.00, noting that Mort's alleged "[a]ccusations of grant fraud, bullying, and in particular, sexual harassment will undoubtedly carry certain consequences for an individual [like Dean] seeking to work with minor-aged students," and moreover already "led to the redirection of LT Character's contracts and contacts to different entities." ECF 72 at 8-9.

After reviewing this factual basis, the Court sees no reason *not* to find that Plaintiffs pleaded in good faith their asserted amount of damages exceeding $75,000.00. Indeed, "[t]he rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). Importantly, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Id.*

Mort does not demonstrate to a *legal certainty* that Plaintiffs' case *does not* meet the amount in controversy requirement. She has neither proven as a matter of law that Plaintiffs will be limited to a recovery of $66,092.03, nor shown that the conduct Plaintiffs allege she engaged in *could not* as a matter of law render damages totaling or exceeding $75,000.00. Accordingly, she

4

does not convince the Court that Plaintiffs' case fails to meet the amount in controversy requirement of diversity jurisdiction.

## IV.     CONCLUSION

Therefore, the Court concludes that Defendant Rita Mort's Motion to Dismiss for Lack of Subject Matter Jurisdiction should be and hereby is **DENIED**.

It is so **ORDERED** on August 22, 2025.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE