IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LT CHARACTER, LLC, and CLIFF DEAN, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:24-cv-01053-BP |
| RITA MORT, | § § | |
| Defendant. | § § | |

## ORDER

Before the Court are Plaintiffs' Motion to Dismiss Defendant's Counterclaims filed on March 4, 2025 (ECF No. 21); Defendant's Motion for Judgment filed on May 8, 2025 (ECF No. 28) and Plaintiffs' Response filed on May 29, 2025 (ECF No. 35); Plaintiffs' Motion for Sanctions filed on July 18, 2025 (ECF No. 53), Defendant's Response filed on August 13, 2025 (ECF No. 77), and Plaintiffs' Reply filed on August 18, 2025 (ECF No. 84); Defendant's Motion to Strike Evidence filed on August 18, 2025 (ECF No. 81); Defendant's Motion for Leave to File Deposition Designations filed on August 21, 2025 (ECF No. 89); and Plaintiffs' Objections to and Motion to Strike Defendant's Pretrial Disclosures filed on August 12, 2025 (ECF No. 74). The Court heard argument on these Motions and Objections at the pretrial conference today. After considering the pleadings, applicable legal authorities, and arguments of counsel, the Court decides the following.

Without objection from Defendant, the Court **GRANTS** Plaintiffs' Motion to Dismiss Defendant's Counterclaims (ECF No. 21).

The Court **DENIES** Defendant's Motion for Judgment (ECF No. 28). The Court finds that the evidence alleged in Defendant's motion was not properly before the Court. "[I]t is well-settled that it is within the district court's discretion whether to accept extra-pleading matter on a motion

for judgment on the pleadings and treat it as one for summary judgment or to reject it and maintain the character of the motion as one under Rule 12(c)." *Van Duzer v. U.S. Bank Nat'l Ass'n*, 995 F. Supp. 2d 673, 684 (S.D. Tex. 2014) (quoting 5C CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1371 (3d ed. 2010)), *aff'd*, 582 F. App'x 279 (5th Cir. 2014). Thereby, looking simply to the pleadings themselves, the Court finds that it cannot determine as a matter of law whether the action should proceed. It thus leaves the resolution of the questions of fact in the case to trial.

The Court **DENIES** Plaintiffs' Motion for Sanctions (ECF No. 53). The Court previously sanctioned Defendant by granting Plaintiffs' Motion for Attorneys' Fees filed on July 9, 2025 (ECF No. 45). The Court ordered Defendant to pay $11,921.50 to Plaintiffs (ECF No. 60). The Court also ordered that Defendant could "not use any of the information requested in Plaintiffs' Request for Production and Interrogatories, which were at issue in Plaintiffs' Motion to Compel and the Court's prior orders compelling [Defendant] to respond to that discovery, as evidence at the trial of this case." *Id.* at 5. The Court finds this previous order to be sufficient to sanction Defendant for her failures to comply with her obligations under the Federal Rules of Civil Procedure and the orders of the Court. *See* Fed. R. Civ. P. 37.

The Court **DENIES** Defendant's Motion to Strike Evidence (ECF No. 81). The Court finds that Plaintiffs' disclosures were adequate at this juncture under the circumstances of the case.

Without objection from Plaintiffs, the Court **GRANTS** Defendant's Motion for Leave to File Deposition Designations (ECF No. 89). The Court also **GRANTS** Defendant's request to file proposed findings of fact and conclusions of law out of time.

Following Defendant's withdrawal of her Pretrial Disclosures, the court **OVERRULES** Plaintiff's Objections to the Pretrial Disclosures and **DENIES** their Motion to Strike Pretrial

Disclosures. Defendant may file a separate Exhibit List and Witness List out of time. The Court's previous order restricting Defendant's use of evidence (ECF No. 60) will control the admission of evidence at the trial.

    It is so **ORDERED** on August 22, 2025.

                                                            Hal R. Ray, Jr.
                                                            UNITED STATES MAGISTRATE JUDGE